1808

Hughes
vs
O'Donnell

than forty-five years of age. But the court, (*Clagett*, Ch. J.) was of opinion, and so instructed the jury, that if they should find that the sale and purchase between *Nathan* and *Jesse Harris*, was as above stated, that the petitioner is not entitled to freedom under the deed of manumission. The petitioner excepted; and the verdict and judgment being against him, he appealed to this court.

The cause was argued before TILGHMAN, POLK, and BUCHANAN, J. by

*Martin*, for the Appellant, and by *Mason*, for the Appellee.

JUDGMENT REVERSED, AND PROCEDENDO AWARDED.

——————

JUNE

*Where the attorney of the pl intiff had given the defendant a receipt for a sum of money; stated to be in full of the judgment, but which was for a less sum than the amount due—Held, that the receipt was not conclusive evidence that the judgment was satisfied so far as to prevent the plaintiff from taking out execution on the judgment for any balance which might be actually due thereon.*

## HUGHES vs. O'DONNELL.

APPEAL from *Baltimore* county court. This was an action on the case, for maliciously causing the plaintiff, (now appellee,) to be taken in execution, and falsely imprisoned, on a judgment which had been satisfied, &c. The general issue was pleaded.

1. The plaintiff, at the trial, offered in evidence a record of a judgment, and proceedings thereon, in a suit wherein the defendant (now appellant,) was plaintiff, and the plaintiff, (the appellee,) was defendant, setting forth, that at May term 1800, a judgment was recovered in the general court, by the then plaintiff, for £110 4 0 current money damages, and £61 50 and 1368 lbs. of tobacco, costs. That on the 3d of February 1801, a *ca. sa.* issued on the judgment, and was served on the then defendant. The plaintiff also offered in evidence the following receipt of *Zebulon Hollingsworth*, esquire, attorney for the plaintiff in the judgment, to prove its payment and satisfaction: "4th August 1800. I have this day received of *John O'Donnell*, esquire, the sum of one hundred and forty pounds one shilling and ten pence, in full of the within judgment.

Z. *Hollingsworth*, Att'y. for C. *Hughes*."

The defendant then offered to show, that the above receipt was given by mistake for a less sum of money than was due on the judgment. But the court were of opinion,

that the receipt was conclusive evidence that the judgment was satisfied, so far as to prevent the plaintiff therein from issuing any execution for any balance that might in fact be due. The defendant excepted.

2. The plaintiff further offered in evidence, that the defendant in this cause, notwithstanding the receipt, and the notice thereof, ordered an execution to issue for the whole amount of the judgment, without endorsing thereon the sum of money so received on account thereof, and directed the whole amount to be executed for. The defendant then moved the court to direct the jury, that notwithstanding the receipt, if there was any balance due on the judgment, that the plaintiff in the judgment might take out an execution for the same. But the court was of opinion that the receipt, purporting to be in full of the Judgment, *Hughes* was so far bound thereby that he could not take out execution for any balance which might be actually due. The defendant excepted. The verdict and judgment being for the plaintiff, this appeal was brought by the defendant.

The case was argued before TILGHMAN, BUCHANAN, and GANTT, J. by

*Harper*, for the Appellant. The receipt in this case, though expressed to be in full of the judgment, was not so, and not being so, was not conclusive satisfaction of the judgment, and an execution might issue for the balance, and the plaintiff in the judgment was not bound to endorse the sum of money which had been paid. The authority of an attorney at law ceases after the judgment is entered, and he has no right to enter the judgment satisfied, when in fact it is not so. He may perhaps receive payment, and give a receipt therefor; but he has no right to enter the judgment satisfied. He may say what he has received, and as far as that payment goes, it probably is a discharge. Until the whole sum of money, however, is received, the plaintiff may go on and issue execution, and if a part only is due, he can issue for that. The opinion of the county court goes so far as to say that the attorney may enter the judgment satisfied, and the plaintiff is bound by it. It has been decided that an execution is not rendered illegal if it has not an endorsement of the amount actually due. The sheriff is not bound to

execute the writ without such endorsement; but he may do so if he pleases. *Howard* vs. *The Levy Court*, 1 *Harr. & Johns.* 566.

*Purviance* and *S. Chase*, jr. for the Appellee. If the principal himself had received the money, and given a receipt in full of the judgment, he could not issue an execution thereon, unless he had given notice of the mistake. If the attorney enters a judgment satisfied, the plaintiff is bound by it. He has his remedy against the attorney, but cannot go against the defendant. The authority and extent of the powers of an attorney are fully laid down and recognized in the following authorities: *Latuch* vs. *Pasherante*, 1 *Salk.* 86. *Lamb* vs. *Williams*, *Ibid* 89. *Powel* vs. *Little*, 1 *W. Blk.* 8. *Welsh* vs. *Hole*, 1 *Doug.* 238. 1 *Roll. Ab.* 291, *pl.* 17, 20. 1 *Bac. Ab.* 188. 1 *Com. Dig.* 40. *Read* vs *Dupper*, 6 *T. R.* 361. *Randle* vs. *Fuller*, *Ibid* 456. *Ormerod* vs. *Tate*, 1 *East*, 464. There was no endorsement on the execution of any money paid, and the defendant was taken in execution for the whole amount of the judgment. The jury were to judge whether it was a malicious proceeding, and if so, to give damages accordingly. It does not appear that the execution issued for the balance. If any balance was due, it was only £1 19 9, which might have been settled in another way. There might have been a preceding payment. The appellant, with a full knowledge of the payment which had been made, issued the execution for the whole amount for which the judgment had been rendered. This action is for a malicious prosecution of an execution; for vexatiously causing the appellee to be taken in execution, and demanding a larger sum of money than was due; for an abuse of the process of the court. It would be a dangerous doctrine if a client could undo and destroy what his attorney had done. If an attorney recovers a judgment for a sum of money which his client might consider too small, could he dissent from the judgment, and bring a new suit? The same principles prevail with respect to the attorney as to all other kinds of agents. If an attorney abuses the interest of his client, he is answerable to him. The receipt of the attorney was sufficient to authorise the clerk of the court to enter the judgment satisfied; and it not being so entered, can make no difference. Ad-

mitting that the receipt did not operate as an extinction of the claim, yet it operated so far as to prevent an execution from issuing. The appellant did not issue the execution upon the ground of a small balance being due, but he issued it for the whole. He should have given notice to the appellee of the mistake, and that a balance was due. His proceeding was as much an abuse of the process of the court, in demanding a large sum of money, when little was due, as it would be to demand a larger sum when there was nothing due.

*Harper*, in reply. During the pendency of a suit the attorney's acts will bind his client. He is then pursuing his authority. But his authority ceases when judgment is obtained, and he has no right to enter it satisfied when it is not so. If he acts within his instructions, it will bind his client.

THE COURT dissented from the opinions expressed by the court below, in both of the bills of exceptions.

JUDGMENT REVERSED, AND PROCEDENDO AWARDED.

---

## RATRIE vs. SANDERS.

APPEAL from *Montgomery* county court. The appellant brought an action of *replevin* against the appellee, for a negro slave called *Jane*, to which *non cepit infra tres annos*, and *actio non accrevit infra tres annos*, and property in the defendant, were pleaded. The defendant, at the trial, prayed the court to direct the jury, that if they were of opinion from the evidence, that the defendant had been in the possession of *Jane* for the space of three years prior to the institution of this suit, holding her as his own property, that then the act of limitations was a bar to the plaintiff's action. But the court, (*Clagett*, Ch. J.) refused to give the direction; but did direct the jury, that if they were satisfied that the property in said slave was in the plaintiff, and that he lent her for an indefinite time to *Joseph Sanders*, and during that loan *Joseph Sanders* sold her to the defendant, that by the sale the defendant stood in the same situation that *Joseph Sanders* had stood in, and that the act of limitations did not begin to run against the plaintiff un-

Where the defendant was in possession of, and holding a slave, for the space of three years antecedent to the institution of an action of replevin against him for the slave—Held, that the statute of limitations was a bar to the plaintiff's recovery, notwithstanding the property in the slave had been in the plaintiff, and the slave was by him loaned for an indefinite time to J S, who during that loan so'd the save to the defendant; and although the suit was bro't within three years from the time the plaintiff knew of such sale.